Ruffin, C. J.,
 

 after stating the case as above proceeded: —The introduction of the new matter does not set the party at large from the former decree; which is a bar in respect of all parties to it, and those claiming' under them. No relief can be given to the plaintiff in this suit, which would not be inconsistent with the decree of 1832, and" therefore, while that remains in force, the plaintiff cannot proceed at all. The proper method of bringing in a person who was
 
 not
 
 a party to the original suit, and has become interested in the subject, is to file a bill in review, or one in the nature of a bill in review, against the original parties, and charge therein, by way of supplement, any event which has since occurred, or which created the interest of the new party : and to pray that the former decree may be reversed; and that the cause may be heard with respect to the new matter and parties, made by the supplemental part of the bill, at the same time that it is reheard upon the original bill, and that the plaintiff may have such relief on the supplemental case as it may entitle him to. Lord Redesdale thus lays it down in his treatise 89-92; and in
 
 Perry
 
 v.
 
 Philips,
 
 17 Ves. 173, Lord Eldon recognises and approves of that passage, as at once providing a method for correcting decrees and adjusting all rights of other persons in the subject, without the necessity of making one decree in conflict with > another. The matter in this bill might have been inserted. in the bill of review, which was filed in May, 1834, but an attempt to set aside a decree collaterally, by an original bill, which does not mention the first suit, but seeks a decree inconsistent with the former, cannot be suffered.
 
 Wirtley
 
 v.
 
 Biskhead,
 
 3 Atk. 811.
 
 Ogilvie
 
 v.
 
 Herne,
 
 13 Ves. 564.
 

 The decree of the Court of Equity is therefore affirmed, with costs in this court.
 

 PeR Curiam. Decree affirmed.